**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JESSE-JAMES GULLEY, JR., | ) | Case No. 1:24-cv-253 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes Jr. |
| AARON P. HOWELL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff Jesse-James Gulley, Jr. filed this action without a lawyer the United States, the United States Attorney General, and the federal judge and the Assistant United States Attorney assigned to his criminal case, *United States v. Gulley*, No. 5:17-cr-00493 (N.D. Ohio June 19, 2018). He challenges the execution of his arrest warrant in December 2017, asserting that it did not comply with Rule 4 of the Federal Rules of Criminal Procedure. He claims that his criminal conviction is void and that his recent arrest for violations of supervised release is unlawful. He asks the Court to declare that his criminal conviction in Case No. 5:17-cr-00493 is void and to terminate proceedings for violations of the terms of his supervised release.

### STATEMENT OF FACTS

Mr. Gulley pled guilty in March 2018 to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Judge James S. Gwin presided over the case and sentenced Mr. Gulley to 48 months in prison followed by 3 years of supervised release. The Sixth Circuit upheld Mr. Gulley's conviction on appeal. *See*

*United States v. Gulley*, 780 F. App'x 275 (6th Cir. 2019). He was scheduled to be released from prison on July 24, 2021. (*United States v. Gulley*, No. 5:17-cr-00493, ECF No. 144, PageID #1059 (N.D. Ohio June 19, 2018).)

On December 19, 2023, Mr. Gulley was charged with leaving the scene and failure to control a vehicle in Canton Municipal Court case 2023TRD0666. (*Id.*, ECF No. 166, PageID #1167.) The Municipal Court issued a warrant for his arrest. (*Id.*, ECF No. 166, PageID #1168.) Mr. Gulley failed to report to his U.S. Pretrial Services and Probation Officer on January 11, 2024. (*Id.*, ECF No. 166, PageID #1167.) The United States Attorney's Office filed a violation report, and on January 17, 2024 Judge Gwin issued a summons to Mr. Gulley to appear on March 19, 2024 to answer to the alleged supervised release violation. Mr. Gulley filed this civil action on February 9, 2024 to contest the conviction that led to his supervision release.

## STATEMENT OF THE CASE

Plaintiff asserts that he was not properly served with an arrest warrant in December 2017. In making this argument, he cites interchangeably the Federal Rules of Criminal Procedure and the Federal Rules of Civil Procedure. He claims that Rule 3 oc the Federal Rules of Civil Procedure requires a civil action to be commenced by filing a complaint with the court. He contends that no complaint was filed in his criminal case. Further, he asserts he was not made a party to that action because the warrant that was issued was never shown to him. He cites Rule 4 of the Federal Rules of Criminal Procedure, which requires the arresting officer to show the warrant to the defendant or inform the defendant of the warrant's existence and

2

charged offenses and to produce it as soon as possible at the defendant's request. He claims that Rule 4(m) of the Federal Rules of Civil Procedure requires the plaintiff to serve the complaint on the defendant within 90 days after the complaint is filed. He concludes that failure to serve him with the warrant within 90 days of his arrest deprived the court of personal jurisdiction over him and required dismissal of the criminal charges. He reasons that his conviction and sentence are void. He claims that, if his supervised release sentence is void, he cannot be charged with a violation of it. He asks the Court to declare his conviction and sentence void and to order the termination of the supervised release violation proceedings.

## ANALYSIS

The Court construes Plaintiff's *pro se* complaint liberally and to hold it to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Under the law of this Circuit, district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). Also, *sua sponte* dismissal is authorized where the asserted claims lack an arguable basis in law or if the district court lacks subject matter jurisdiction over the matter. *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

3

As an initial matter, Plaintiff's argument is fatally flawed because it relies substantially on the application of Rules of Civil Procedure in a criminal case. Although Plaintiff cites Rule 4(m) of the Rules of Criminal Procedure, there is no subsection (m) in Rule 4 of the Criminal Rules. Instead, the language that he quotes is from Rule 4 of the Rules of *Civil* Procedure, which does not apply in a criminal case.

Further, *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), bars Plaintiff's claims. To recover damages in a civil rights action for allegedly unconstitutional conviction or sentence, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a State tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* Under this principle, where a person who has been convicted of an offense seeks damages or other relief relating to his conviction, a court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, then the court must dismiss the complaint unless the plaintiff can show that the conviction or sentence has already been invalidated.

The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997) (declaratory relief); *Wilson v. Kinkela*, 145 F.3d 1335 (6th Cir. 1998) (declaratory and injunctive relief). Here, Plaintiff challenges his criminal conviction and his current supervised release violation proceedings. Because a judgment in his favor would imply the

4

invalidity of his conviction or sentence, his claims are barred under *Heck* unless his criminal conviction has been invalidated. But it has not. To the contrary, the Sixth Circuit affirmed his conviction and sentence. Therefore, Plaintiff's complaint lacks an arguable basis in law.

## CONCLUSION

For the foregoing reasons, the Court dismisses this action. *See Apple*, 183 F.3d at 479. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated: March 29, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio